# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HERSCHEL K. JOHNSON,** | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| | )  **2:03-CV-3430-JHH** |
| **vs.** | ) |
| | ) |
| **VGA, INC.,** | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM OF DECISION

## Introduction

On December 30, 2003, Herschel K. Johnson ("Plaintiff") filed suit in this Court alleging that VGA, Inc. ("Defendant") breached various federal statutes by firing him and is liable to him for damages.  In his complaint, Plaintiff alleged that Defendant fired him because of his national origin in violation of Title VII and § 1981 (Count I); failed to inform Plaintiff that he had the option of continuing his health insurance benefits even after termination in violation of  the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA")[1] (Count II); breached its employment contract with Plaintiff by failing to pay him for two weeks worth of work (Count III); and did not pay him minimum wage for two weeks worth of

---

[1] COBRA is part of the Employee Retirement Income Security Act ("ERISA").

work in violation of the Fair Labor Standards Act (Count IV).

On October 20, 2004, while discovery was still ongoing, Plaintiff filed and this Court granted Plaintiff's motion to dismiss his claims under Title VII and § 1981 (Count I).[2]  After discovery closed, on February 10, 2005, Defendant filed a motion for summary judgment.  This Court's March 1, 2005 order noted the receipt of Defendant's motion, mandated that any response by Plaintiff was due on April 4, 2005, and set the motion to come under submission on April 11, 2005. The Plaintiff having not responded by the applicable deadline, now before the Court is Defendant's motion for summary judgment and accompanying evidentiary submissions.  The motion is now under submission.

## Undisputed Factual Background[3]

VGA, Inc., is a federal contractor engaged in the business of transporting veterans to and from Veteran's Administration Medical Centers.  Defendant's principal place of business is Maryland, and at the time of Plaintiff's employment,

---

[2]  In his October 20, 2004 motion, Plaintiff moved to dismiss Count I and noted that Counts II and III remained in "full force and effect."  Plaintiff's motion made no mention of his Count IV based upon the Fair Labor Standards Act.  Regardless, because Plaintiff has not formally moved to dismiss Count IV, and because Defendant's motion for summary judgment addresses Count IV, the Court presumes that Plaintiff did not mean to dismiss Count IV by not addressing it in his motion.

[3]  Where there is a dispute, unless otherwise noted, the facts are stated in the light most favorable to the Plaintiff.

Defendant offered its services for the Veteran's Administration Medical Center in Birmingham, Alabama.

On October 15, 2002, Plaintiff began working as an assistant manager for Defendant. Plaintiff's starting salary was $27,500.00 a year. As assistant manager, it was Plaintiff's responsibility to assign different employees to the various runs that were made. Initially, Plaintiff assigned Bobbie Griggs, the only female driver, to a "stretcher run."[4] Upon learning of this assignment, Vince Akins, the owner of VGA, told Plaintiff that Ms. Griggs was not to be assigned "stretcher runs." In spite of Vince Akins's instructions, Plaintiff continued to schedule Ms. Griggs for "stretcher runs" because he had received numerous complaints from other employees about this situation. Due to the complaints he was receiving and because he felt management was not being fair to all employees, Plaintiff asked to be reassigned as a driver.

Defendant granted Plaintiff's request and his pay rate was lowered to $11.50 an hour in accordance with his new position. Plaintiff remained a driver until April 30, 2003, when his manager informed him that he was suspended. On May

---

[4] While the record is not explicit, it is apparent that a "stretcher run," involves transporting a patient who is so ill or limited that they must be carried on a stretcher. The Plaintiff's complaint implies that this particular job was burdensome, and other employees were displeased that one of their number was able to avoid "stretcher runs."

3

1, 2003, Plaintiff received a letter from Blue Cross Blue Shield, informing him that his health insurance coverage had been cancelled.  Plaintiff's termination in conjunction with the foregoing facts, forms the basis of Plaintiff's Complaint in the instant suit.

## Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings, which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 324.

The substantive law will identify which facts are material and which are

4

irrelevant.  <u>Chapman</u>, 229 F.3d at 1023; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. <u>Chapman</u>, 229 F.3d at 1023; <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson</u>, 477 U.S. at 248; <u>Chapman</u>, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. <u>Anderson</u>, 477 U.S. at 249.

### *Count II - COBRA/ERISA claims*

Pursuant to 29 U.S.C. § 1161(a), when an employer terminates an employee, the employer is obligated to allow the employee to extend his health insurance coverage by a statutorily mandated period of time.  In addition, the employer is also obligated to provide the terminated employee with written notice of his right to extend his coverage.  § 1166.  However, § 1161(b) provides that this provision of COBRA does not apply "to any group health plan for any calendar year if all employers maintaining such plan normally employed fewer than 20 employees on a typical business day during the preceding calendar year."

Plaintiff contends that Defendant did not provide him notice as required by § 1166, and therefore is liable to him under COBRA.  In response, Defendant

presents the affidavit of Naima Grove, the Director of Operations for VGA, Inc. (Def. Ex. A at 1).  Grove attests that during 2002, the year preceding Plaintiff's termination, Defendant employed fewer than twenty employees on a typical business day.  (Def. Ex. A at 1).  Because Plaintiff has failed to respond and meet his burden, it is undisputed that Defendant falls squarely within the exception outlined by § 1161(b).  See Celotex, 477 U.S. at 324.  Accordingly, there is no genuine issue of material fact, and Defendant's motion for summary judgment is due to be granted.

### Counts III & IV - Breach of Contract/Fair Labor Standards Act

Plaintiff alleges in Counts III and IV that Defendant failed to pay him for two weeks worth of labor and that this failure to pay amounts to a breach of contract and a violation of 29 U.S.C. § 206 (Fair Labor Standards Act).[5] Defendant offers the affidavit testimony of Grove that Plaintiff was actually paid for the last two weeks of work.  (Def. Ex. A at 2).  Specifically, Grove states that "VGA paid Johnson for all the work he performed while employed by VGA." (Def. Ex. A at 2).  Defendant provides documentation of this fact, in the form of a

---

[5] Defendant contends that in his deposition, Plaintiff conceded that he is only making a claim for one week's worth of pay, as opposed to two as the Complaint sets forth.  (Def. Ex. B at 204).  Regardless, given Plaintiff's failure to respond and considering the evidence offered by Defendant, it is immaterial whether Plaintiff's claim is for wages lost over one week or two.

summary of paychecks issued, their amounts and the time periods for which they were paid.  (Ex. 1 to Def. Ex. A).  In addition, Defendant provides a copy of the check for $617.70 issued to Plaintiff on May 11, 2003, for his work between April 20, 2003 and May 3, 2003.  (Ex 2 to Def. Ex. A).

In response to Defendant's evidence, Plaintiff offers no affidavits or other evidence whatsoever.  At the summary judgment stage of litigation, once the moving party has met it burden by either affirmatively pointing to the absence of evidence by which the plaintiff may prove his case or by bringing forth positive evidence that plaintiff will be unable to meet its case, the burden shifts to the non-moving plaintiff "to show the existence of a genuine issue as to the material fact."  Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-1116 (11th Cir. 1993).  Once the burden shifts to the plaintiff, he

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Id. at 1116 n. 3.  Just such a situation exists here.

Defendant has offered affirmative evidence in the form of affidavits and admissible exhibits, that contrary to Plaintiff's initial allegation, Defendant did

pay Plaintiff for his work the last two weeks he was employed.[6]  When the burden shifted to Plaintiff he rested upon his allegations, presented no further evidence and did not point to any inconsistency or deficiency in the evidence offered by Defendant.  Accordingly, Plaintiff has failed to identify a genuine issue of material fact, and Defendant's motion for summary judgment as to Counts III and IV is due to be granted.

There being no genuine issues of material fact with regard to Plaintiff's Counts II, III and IV, no reasonable jury could find in his favor.  Thus, as a matter of law, Defendant is entitled to summary judgment on all claims.  A separate order will be issued this day in accordance with the foregoing.

**DONE** this the ___25th___ day of April, 2005.

_____

SENIOR UNITED STATES DISTRICT JUDGE

---

[6]  The Court acknowledges that Defendant's evidence does not indicate how many hours Plaintiff worked during his last two weeks or whether the $617.70 Plaintiff received was above minimum wage and in compliance with Plaintiff's employment contract.  Even so, encompassed, at least impliedly, in Defendant's statement that Plaintiff was paid for all of his work, is the contention that he was paid what he was owed for each hour he worked, at a wage above the minimum wage.  Regardless, Plaintiff has offered no evidence from which a reasonable jury could find in his favor on his claim.